ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| OFICINA DE ÉTICA GUBERNAMENTAL<br><br>Recurrido<br><br>v.<br><br>JORGE LUIS GONZÁLEZ OTERO<br><br>Recurrente | **TA2025RA00257** | *REVISIÓN ADMINISTRATIVA* procedente de Oficina de Ética Gubernamental<br><br>Caso Núm.: 25-39<br><br>Sobre: Violación a los incisos (b) y (r) del Artículo 4.2 de la Ley Orgánica de la Oficina de Ética Gubernamental de PR, Ley 1-2012, según enmendada. |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Comparece ante este foro el Sr. Jorge Luis González Otero (señor González o "el recurrente") y solicita que revisemos una *Orden* enmendada y emitida por la Oficina de Ética Gubernamental de Puerto Rico (OEG o "agencia recurrida"), notificada el 9 de septiembre de 2025. Mediante el referido dictamen, la agencia declaró *NO HA LUGAR* una *Moción de Desestimación* presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se **DESESTIMA** el recurso de epígrafe por falta de jurisdicción.

**I.**

El 9 de diciembre de 2024, la Oficina de Ética Gubernamental presentó una *Querella*[1] por parte del Área de Investigaciones y Procesamiento Administrativo (AIPA) de la OEG contra el señor González en el ejercicio de su cargo como Alcalde del Municipio de Jayuya. En síntesis, se le imputó violaciones al Artículo 4.2 de la Ley Núm. 1-2012, según enmendada, conocida como la *Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico*, 3 LPRA sec. 1857a, (Ley Núm. 1-2012), en sus incisos (b) y (r).

La AIPA alegó que el recurrente nombró y mantuvo de manera ilegal por más de cinco años al Sr. Miguel J. Figueroa Cancel (señor Figueroa) en el puesto de Director de Obras Públicas y Control Ambiental del Municipio, a sabiendas de que el señor Figueroa no cumplía con los requisitos mínimos para ocupar el puesto según exige el ordenamiento. Por consiguiente, solicitó le fuera impuesto una pena de restitución de $24,000.00 dólares y una multa por cada infracción cometida.

El 18 de febrero de 2025, el señor González presentó su *Contestación a Querella*[2].

Luego de varios tramites procesales, el 22 de mayo de 2025, el recurrente presentó una *Moción de Desestimación*[3], por falta de jurisdicción. En esta, alegó que la AIPA prorrogó los términos de la investigación sin existir justa causa para ello.

---

[1] *Querella*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Apéndice 1.
[2] *Contestación a Querella*, entrada núm. 1 en el SUMAC, Apéndice 3.
[3] *Moción de Desestimación*, entrada núm. 1 en el SUMAC, Apéndice 5.

Posteriormente, el 17 de junio de 2025, la AIPA presentó su *Oposición a Moción de Desestimación*[4]. Explicó las razones constitutivas de justa causa y por las cuales la investigadora solicitó las prórrogas dentro de los términos establecidos.

El 14 de julio de 2025, la Agencia recurrida señaló vista evidenciaría para el 18 de agosto de 2025, para que las partes tuviesen la oportunidad de realizar una divulgación completa de todos los hechos relacionados con la existencia o inexistencia de justa causa para que la OEG autorizara las prórrogas de la investigación sobre los hechos del caso.

Luego de la vista evidenciaria, el 3 de septiembre de 2025, siendo notificada el 5 de septiembre de 2025, el foro administrativo dictó una *Orden*[5] en la que declaró *NO HA LUGAR* a la *Moción de Desestimación* presentada por el señor González. En esta, concluyó que existía justa causa para prorrogar los términos investigativos.

Posteriormente, el 9 de septiembre de 2025, la OEG notificó una *Orden Enmendada*[6] en la cual sostuvo su dictamen del 3 de septiembre de 2025.

Inconforme con la determinación, el 29 de septiembre de 2025, el recurrente presentó ante nuestro foro revisor un *Recurso de Revisión Judicial*[7] junto a una *Moción de Auxilio de Jurisdicción*[8]. El señor González señala la comisión de los siguientes errores por parte del foro administrativo:

> ERRÓ LA OFICINA DE ÉTICA GUBERNAMENTAL DE PUERTO RICO AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LA PARTE

---

[4] *Oposición a Moción de Desestimación*, entrada núm. 1 en el SUMAC, Apéndice 6.
[5] *Orden,* entrada núm. 1 en SUMAC, Apéndice 11.
[6] *Orden Enmendada,* entrada núm. 1 en SUMAC, Apéndice 2.
[7] *Revisión Judicial*, entrada núm. 1 en SUMAC.
[8] *Moción de Auxilio de Jurisdicción*, entrada núm. 2 en SUMAC.

QUERELLANTE Y ENTENDER QUE EXISTIÓ JUSTA CAUSA PARA QUE LA OEG PRORROGARA LOS TÉRMINOS DE LA INVESTIGACIÓN PRELIMINAR Y EXHAUSTIVA POR MÁS DE DOS AÑOS Y NO DESESTIMAR LA QUERELLA POR FALTA DE JURISDICCIÓN.

El 29 de septiembre de 2025 emitimos una *Resolución* declarando *NO HA LUGAR* la *Moción de Auxilio de Jurisdicción.* En la misma fecha, emitimos una segunda *Resolución*, mediante la cual se le concedió a la agencia recurrida un término de treinta (30) días para oponerse y expresarse sobre los méritos del recurso.

El 30 de septiembre de 2025, el señor González presento *Urgente Moción de Reconsideración*. En la cual, reiteró su solicitud de paralización del procedimiento administrativo.

No obstante, el 21 de octubre de 2025, emitimos una *Resolución*, denegando la moción de reconsideración.

El 29 de octubre de 2025, la OEG presentó una Moción en *Solicitud de Desestimación del Recurso de Revisión Judicial por Falta de Jurisdicción*. En esencia, sostuvo que no habían emitido una determinación final en el caso administrativo en contra del recurrente, sino que se han limitado a emitir determinaciones interlocutorias. Siendo una de ellas, la *Orden* recurrida, la cual no es revisable mediante un recurso de revisión judicial. Por lo que, procedía desestimar el recurso por falta de jurisdicción.

El 30 de octubre de 2025, el señor González presentó una *Moción en Solicitud de Término*.

El 31 de octubre de 2025, emitimos una *Resolución* en la cual se declaró *No Ha Lugar* a las mociones presentadas por las partes.

Así las cosas, en la misma fecha, el recurrente presentó una *Moción en Solicitud de Orden*. En la cual, solicitó se emitiera una orden dando por sometido el caso.

De otra parte, la OEG presentó una *Moción Urgente en Solicitud de Aclaración*. Solicitó fuera aclarada la *Resolución* declarando *No Ha Lugar* las mociones presentadas por las partes.

El 31 de octubre de 2025, emitimos una *Resolución* dando por perfeccionado el recurso para su oportuna determinación conforme a Derecho.

Luego de analizar las posturas de las partes, y tras un estudio detenido del tracto procesal del caso y la totalidad del expediente, procedemos a disponer de la controversia.

## II.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias", *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*, págs. 122-123. Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

La ausencia de jurisdicción constituye lo siguiente: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al

tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

De conformidad con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, nos autoriza a desestimar un recurso por falta de jurisdicción.

En cuanto a la doctrina de revisión judicial, esta dispone que los tribunales deben "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018); *Torres Rivera v. Pol. de Puerto Rico*, 196 DPR 606, 625-626 (2016). Es norma conocida que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79, 88-89 (2022).

Como norma general, nuestra jurisdicción para revisar un recurso de revisión judicial se circunscribe a determinaciones finales de las agencias administrativas. Así lo prescribe la Ley de la

Judicatura, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24y, al establecer en su Artículo 4.006(c) que este Foro revisará las decisiones, órdenes y resoluciones finales de los organismos o agencias administrativas.

Por otro lado, es conocido que la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA sec. 9604, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), aplica a todos los procedimientos administrativos conducidos ante todas las agencias que no estén expresamente exceptuados por dicha ley. Esta ley define una "orden" o "resolución" como cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas. Secc. 1.3(g) de la LPAU, 3 LPRA sec. 9603(g).

Sin embargo, nos encontramos ante una orden o resolución parcial cuando la acción agencial que adjudica algún derecho u obligación no pone fin a la controversia total, sino a un aspecto específico de la misma. Secc. 1.3(h) de la LPAU, 3 LPRA sec. 9603(h). De otra parte, una "orden interlocutoria" significa aquella acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal. Secc. 1.3(i) de la LPAU, 3 LPRA sec. 9603(i).

La LPAU dispone que serán revisables por el Tribunal de Apelaciones mediante un recurso de revisión, aquellas ordenes, resoluciones y providencias adjudicativas finales, 3 LPRA sec. 9672. Una orden o resolución interlocutoria de una agencia no será revisable directamente. Secc. 4.2 de la LPAU, 3 LPRA

sec. 9672. Sin embargo, la disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. *Íd.*

Cuando vamos a determinar específicamente qué constituye una orden o resolución final, la LPAU establece los siguientes requisitos: (1) que incluya determinaciones de hecho, (2) conclusiones de derecho, (3) una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial según sea el caso y (4) que la misma esté firmada por el jefe de la agencia o por cualquier otro funcionario autorizado por ley. Secc. 3.14 de la LPAU, 3 LPRA sec. 9654.

Además, la jurisprudencia ha reiterado que, para que una orden o resolución administrativa sea revisable judicialmente tiene que cumplir con los siguientes requisitos: (1) que la resolución que se pretenda revisar sea final y no interlocutoria; y (2) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia. *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527 (2006). De esta forma se evita una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales. *Comisionado Seguros v. Universal*, 167 DPR 21 (2006).

Ahora bien, la Sección 4.3 de la LPAU, 4 LPRA sec. 9673, reconoce varias instancias que permiten preterir la doctrina de agotamiento de remedios, a saber: (1) cuando el remedio sea inadecuado; (2) cuando requerir el agotamiento del remedio resultaría en un daño irreparable a la parte y en el balance de intereses no se justifique agotar el remedio; (3) cuando se alegue la

violación sustancial de derechos constitucionales; (4) cuando sea inútil agotar los remedios por la dilación excesiva en los procedimientos; (5) cuando se presente un caso claro de falta de jurisdicción de la agencia; o (6) cuando se trate de un asunto estrictamente de derecho y la pericia administrativa sea innecesaria.

### III.

Mediante el recurso de epígrafe, el señor González solicita que se revise una *Orden Interlocutoria* emitida por la OEG. El recurrente sostiene que la OEG no tiene jurisdicción y que erró al determinar que no procedía la desestimación de la *Querella*.

Conforme a la normativa antes expuesta, las órdenes o resoluciones interlocutorias emitidas por agencias u organismos administrativos no son susceptibles de ser revisadas por nuestro foro. Como regla general, poseemos jurisdicción para revisar órdenes y resoluciones administrativas finales.[9]

Según se desprende de la *Orden* del 5 de septiembre de 2025 y la *Orden Enmendada* del 9 de septiembre de 2025, la cual denegó la solicitud de reconsideración, no estamos ante una orden o resolución final de la agencia. Dichas órdenes son determinaciones interlocutorias de la agencia que no son revisables mediante un recurso de revisión judicial. Es por ello que, la LPAU le concede a la parte afectada la facultad de acudir a este Foro, cuando recurre de una determinación final de la agencia.

---

[9] Sin embargo, por excepción podríamos ejercer nuestra jurisdicción si realmente estuviéramos en un caso de falta de jurisdicción del Foro revisado, pero lo anterior no es el caso aquí. Hemos revisado cuidadosamente las referidas Órdenes de 5 y 9 de septiembre de 2025 y encontramos que se evaluó y encontró justa causa para la prórroga solicitada de 90 días para culminar la investigación. Estas órdenes están bien fundamentadas, puesto que la referida prórroga no fue una automática o sin justificación suficiente. Por ello, no procede ejercer por excepción nuestra jurisdicción ante una alegada falta de jurisdicción, pues ese supuesto no se ha dado en este caso.

En el caso de autos, la *Orden* emitida por la OEG no es una adjudicación en los méritos.  Por consiguiente, concluimos que la misma no es revisable ante este Tribunal.

**IV.**

Por los fundamentos antes expuestos, procedemos a **DESESTIMAR** el recurso por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones